Dear Sheriff Larpenter:
Your have requested an opinion of the Attorney General regarding the reimbursement of past wages to a former employee (employee) whose job was terminated as a result of felony criminal charges being filed against him.
You state that the employee, a Correctional Officer for the Terrebonne Parish Sheriff's Office, was charged with one count of aggravated rape, one count of oral sexual battery and two counts of indecent behavior with a juvenile. At the time of the alleged offenses, the employee was not on duty, nor was he acting in the capacity as a law enforcement officer. His employment was terminated in late December, 1998, shortly after the charges were filed.
The employee was arrested in early January, 1999. Subsequently, a true bill was returned on February 17, 1999. He remained incarcerated at the Terrebonne Criminal Justice Complex until new evidence was brought to the Court's attention. A reduction in bail enabled him to post bond for his release on or about December 8, 1999.
As a result of additional evidence developed by the District Attorney's Office and the Houma Police Department, he was brought back before the Terrebonne Parish Grand Jury on April 14, 2000. This time, however, the Grand Jury returned a no true bill.
On April 19, 2000, the District Attorney signed a motion to nolle prosequi the charges. The individual reapplied to work in your office, and went through the entire application process, including a standard psychological evaluation to determine his fitness to serve as a law enforcement officer. I have been advised by your legal counsel that the individual was unsuccessful in his reapplication, and will not be rehired by your office.
Given the above factual scenario, you specifically ask whether State statutory or constitutional provisions require you to pay all or a portion of this individual's back wages from the date of termination. You further advise that he is not a member of civil service, but rather an at will employee.
We have reviewed the statutory and constitutional provisions relating to your request and can find no legal obligation for you to pay all or a portion of this individual's back wages. While R.S. 42:1442 requires the payment of attorney's fees for law enforcement officers who successfully defend against alleged criminal acts committed in good faith and in furtherance of the course and scope of employment, we can find no law mandating the payment of back wages. I have been advised by your legal counsel that he concurs in this opinion.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEUYOUB Attorney General
 By: ____________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH,3/sfj